# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>vs.<br><br>DAVID T. TIDWELL,<br>DOLPHUS T. GRIFFIN,<br><br>　　　　　Defendants. | 3:11-mj-300-JDR<br><br>**ORDER<br>REGARDING<br>MOTION TO DISMISS**<br><br>(Docket Nos. 21, 23) |

　　　　Defendant **David Tidwell** moves the court to dismiss the complaint and for an immediate release from custody. Docket 21, The government opposes the motion. Dockets 24 and 25. Defendant Dolphus Griffin filed a joinder to the motion, Docket 23.

　　　　Defendant Tidwell was arrested on December 15, 2011. On December 16, 2011, the government filed a complaint charging Mr. Tidwell with Possession with Intent to Distribute Cocaine Base and Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 1. Mr. Tidwell appeared before the court for an initial appearance on the complaint on

December 19, 2011. Docket 4. On December 29, 2011, the court conducted a preliminary hearing and found probable cause to continue holding defendants Tidwell and Griffin to answer the charges as stated in the complaint.

Title 18 U.S.C. § 3161(b) states as follows:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing the indictment shall be extended an additional thirty days.

The previous grand jury was released at 11:20 AM on December 15, 2011, several hours before defendants' arrest. The Notice of Arrest was entered on December 16, 2011 with the court and the complaint was also filed December 16, 2011. It is unreasonable to believe that this case could have been presented to the grand jury on December 15, 2011. There is no evidence that the federal grand jury for this district was otherwise in session 30 days prior to January 15, 2012. Thus, the period for indictment is extended to February 13, 2012. The grand jury is currently in session. Moreover, the ends of justice are best served by granting motions for continuances to allow the United States sufficient time to complete its investigation and to file an information or indictment charging defendant(s) with the commission of a federal offense; The ends of justice outweigh the best interest of the public and the defendant in a speedy trial for the reason that

the arrest occurred at a time such that it is unreasonable to expect return and filing of the indictment with the period specified in § 3161(b). United States v. Gomboa, 439 F.3d 796 (8th Cir. 2006). In determining whether more than 30 days have expired between arrest and indictment, the date of the arrest, counting weekends and holidays, but not the of arrest itself. United States v. Pollock, 726 F.2d 1456 (9th Cir. 1984). Accordingly, defendant Tidwell's Motion to Dismiss and for Immediate Release, and defendant Griffin's joinder are hereby denied.

DATED this 18th day of January, 2012, at Anchorage, Alaska.

   /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge